JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-01978-RGK (SSx) | Date | May 22, 2014 |
|---|---|---|---|
| Title | *Bonnie Anderson v. BCI Coca-Cola Bottling Company of Los Angeles et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**       **(IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 11)**

## I.   INTRODUCTION

Plaintiff Bonnie Anderson ("Plaintiff") filed a Complaint in Los Angeles Superior Court on February 5, 2014. The Complaint names as defendants BCI Coca-Cola Bottling Company of Los Angeles ("BCI"), Coca-Cola Enterprises, Inc. ("Coca-Cola Enterprises"), Coca-Cole Refreshments USA, Inc. ("Coca-Cola Refreshments"), and Aaron Lee.

Plaintiff's Complaint lists the following causes of action: (1) Discrimination based on disability; (2) Retaliation for protected conduct; (3) Harassment in violation of the Fair Employment Housing Act; (4) Failure to participate in the interactive process; (5) Failure to provide reasonable accommodation; (6) Failure to take all reasonable steps to prevent discrimination and retaliation; (7) Violations of the California Family Rights Act; and (8) Wrongful termination in violation of public policy.

Defendant BCI filed a Notice of Removal on March 14, 2014 on the basis of diversity. Plaintiff is a citizen of California and alleges that Defendant Lee is as well. In its notice of removal, Defendant BCI claimed that Defendant Lee was fraudulently joined to defeat diversity. Plaintiff filed a Motion to Remand on April 11, 2014. Defendants did not oppose the motion.

Plaintiff contends that Defendant Lee is not a "sham defendant" and that there is therefore no diversity jurisdiction in this case. The Court agrees.

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the

resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand." *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979).

Plaintiff's Complaint arguably states a cause of action against Defendant Lee for harassment. To state a prima facie case of harassment under FEHA, Plaintiff must show that: (1) she belonged to a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on her protected class; and, (4) the harassment was sufficiently severe and pervasive to alter the conditions of employment and create an abusive working environment. *Fisher v. San Pedro Peninsula Hosp*, 214 Cal. App. 3d 590, 608 (1986).

Plaintiff alleges that she had knee surgery on or about March 11, 2011. After the surgery, Plaintiff's doctor ordered Plaintiff not to work for six months. In September of 2011, Plaintiff's doctor released her to return to work with restrictions. After Plaintiff experienced pain her knee in January of 2012, Plaintiff's doctor performed a second surgery and ordered Plaintiff not to work until December 1, 2012. On December 2, 2012, Plaintiff's physician released Plaintiff to return to work with restrictions. Plaintiff alleges that Defendant Lee then harassed her by repeatedly sending her to drug and alcohol screenings because Plaintiff exercised her FEHA rights. In all, Defendant Lee sent Plaintiff to receive drug and alcohol screenings three times in a roughly one week period between December 3 and December 11, 2012. The Court is persuaded that the alleged conduct could constitute harassment under state law. The Court therefore finds that Defendant Lee is not a sham defendant.

For the above reasons, the Court **GRANTS** Plaintiff's motion. The Court remands the case to state court.

**IT IS SO ORDERED.**

:

**Initials of Preparer**